ALEXANDER, Appellant, *v.* FRANSHAM, Respondent.

(No. 1,416.)

(Submitted March 5, 1902.    Decided May 12, 1902.)

*Mechanics' Liens — Foreclosure Decree — Judgment Against Husband—Injunction—Correction of Judgment.*

A judgment foreclosing a mechanic's lien against the real estate belonging to a wife in suit against her and her husband is not invalid for the reason that the judgment declared to be a lien is against the husband personally, and therefore the wife cannot enjoin execution sale of the property, but can only have the judgment corrected, if erroneous, by motion for a new trial or on appeal.

*Appeal from District Court, Gallatin County; T. M. Pierce, Judge pro tem.*

INJUNCTION by Cynthia E. Alexander against William J. Fransham, sheriff, to restrain an execution sale. From a judgment for defendant, plaintiff appeals. Affirmed.

*Mr. W. L. Holloway,* and *Mr. E. B. Hoffman,* for Appellant.

1. Cynthia E. Alexander being the sole owner of the land mentioned in these proceedings, which is the identical property mentioned in the case of *Carr* v. *Alexander,* a judgment recovered against W. J. Alexander did not constitute a lien upon her property and could not be sold to satisfy a judgment. (Code of Civil Procedure, Secs. 1197; 2133, 1196, 1211.)

2. The sheriff exceeded his authority in attempting to sell the interests of Cynthia E. Alexander in that real estate to satisfy the judgment against W. J. Alexander; that such a sale by the sheriff would cast a cloud upon the title of plaintiff's property. (Code of Civil Procedure, Secs. 1224, 1225, 1233.)

3. The plaintiff had no speedy and adequate remedy at law, and, under the circumstances of this case, an injunction will lie. (*Grigsby* v. *Schwarz,* 82 Cal. 279; *Hickman* v. *O'Neal,* 10 Cal. 292; *U. S. Bank* v. *Schultz,* 2 Ham. (Ohio), 471.)

A sale by the sheriff and his execution and delivery of a deed would cast a cloud upon the title of the plaintiff in this action. (*Pixley* v. *Higgins,* 15 Cal. 128.)

*Mr. J. L. Staats,* for Respondent.

The issues found in the case of *Carr* v. *Alexander* are conclusive against the appellant. (*Wingard* v. *Jamison* (Wash.), 7 Pac. Rep. 863, and cases cited; *Waymire* v. *San Francisco & S. M. Ry. Co.,* 112 Cal. 646; *McCoy* v. *Quick,* 30 Wis. 521; *Doughthitt* v. *MacClusky* (Wash.), 40 Pac. Rep. 186.)

The appellant had an adequate remedy at law in the main

case. She did not move for a new trial, or an amendment of the judgment, or appeal from the same. When such is the status of the case, appellant cannot be permitted to retry the issues in another action. See authorities last above cited, and also *Tevis* v. *Ellis,* 25 Cal. 575; *Long* v. *Neville,* 36 Cal. 455; *Ede* v. *Hazen,* 61 Cal. 360.

Appellant is deemed to be the owner. (Code of Civil Procedure, Sec. 2140.) The notice of lien stated the names of the owners who were the defendants in the suit, and the notice was part of Carr's complaint. The issue of ownership excluded the necessity of showing agency of husband for wife, but if it was necessary there was ample proof that appellant ratified whatever the husband did in causing the labor to be performed, as by their joint answer they paid a part of the price and tendered what they claimed was the balance due. (*Harlaan* v. *Stieffebeem,* 87 Cal. 508.)

The decision of the court is final on all questions which under the evidence might have been found either way. (*Harper* v. *Lockhart* (Colo.), 48 Pac. Rep. 901.

In the absence of the evidence, where the findings support the judgment, they will not be disturbed. (*Culmer* v. *Caine* (Utah), 61 Pac. Rep. 1008; *Jenkins* v. *Frink,* 30 Cal. 587; *Firebaugh* v. *Burbank,* 121 Cal. 186; 2 Enc. Pl. and Prac. 487; *Morrow* v. *Lander,* 77 Wis. 77; *Claybaugh* v. *Hennessy,* 21 Ill. App. 124.)

There is not sufficient equity alleged in plaintiff's complaint, or shown by the findings of the court to maintain this action. (*Pixley* v. *Higgins,* 15 Cal. 127; *Cohen* v. *Sharp,* 44 Cal. 30; *Roman Catholic Archbishop* v. *Shipman,* 69 Cal. 586; *McCormick* v. *Riddle,* 10 Mont. 467.)

If the judgment is regular and the appellant was a party to the proceedings, she is concluded by the judgment, and her interest in the property, whatever it may be, is subject to sale under the execution. (Code of Civil Procedure, Sec. 2133.)

The complaint of the appellant is insufficient to justify the issuance of an injunction. (*McCormick* v. *Riddle,* 10 Mont.

467; *Waldron* v. *Marsh,* 5 Cal. 119; *Mechanics' Foundry* v. *Ryall,* 75 Cal. 301; *Thorn* v. *Sweeney,* 12 Nev. 251; High on Injunctions, Sections 34, 722, and cases cited.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to obtain an injunction to perpetually restrain the defendant from proceeding to sell, under an execution in his hands as sheriff of Gallatin county, certain real estate belonging to the plaintiff. The execution was issued upon a judgment in favor of one Carr in an action brought by him in the district court of Gallatin county against the plaintiff and her husband, W. J. Alexander, the purpose of which was to foreclose a mechanic's lien. The judgment was rendered against W. J. Alexander personally, but was declared a lien upon the property in controversy, the claim in suit being for work done by Carr as a mechanic upon certain improvements erected thereon. Upon a trial of the cause the district court found for the defendant, and rendered judgment in his favor for costs. Plaintiff has appealed.

The only question submitted to this court is whether the findings support the judgment. The findings are voluminous, and cover fully every issue in the case. We shall not undertake a discussion of them. The district court evidently proceeded upon the theory that in the investigation of this case it was bound by the judgment in the case of *Carr* v. *Alexander,* the same appearing upon its face to have been given and made in the proper exercise of jurisdiction regularly obtained over the subject-matter and the parties. There is nothing in the record to indicate that the conclusion reached was erroneous. The fact that the judgment in the case of *Carr* v. *Alexander* was rendered against W. J Alexander personally does not prevent it from being a valid lien against the property of the plaintiff, as was adjudged by the district court. If that judgment was erroneous in this particular, the plaintiff should have sought to have

it corrected by motion for a new trial or upon appeal. Having failed to pursue this course, the plaintiff must abide the consequences.

The judgment is affirmed.

*Affirmed.*

